Behrooz P. Vida
SBOT No. 20578040
CHAPTER 7 TRUSTEE
3000 Central Drive
Bedford, Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
behrooz@vidatrustee.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| ANTHONY NOEL KING § | Case No. 20-40547-MXM -7 |
| ALEETA LYNN KING § | |
| Debtor § | |
| § | |

### MOTION FOR SANCTIONS AND CONTEMPT FOR FAILURE TO COOPERATE WITH TRUSTEE AND FAILURE TO TURNOVER NON-EXEMPT ASSETS

Behrooz P. Vida, Chapter 7 Trustee (the "Trustee"), in the above-referenced case, files this *Motion for Sanctions and Contempt for Failure to Comply with Trustee's Request for Turnover of Non-Exempt Funds* (the "Motion"), against ANTHONY NOEL KING and ALEETA LYNN KING (the "Debtor") and respectfully represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding.

3. This motion is brought pursuant to 11 U.S.C. §§ 105, this Court's inherent powers and Bankruptcy Rules 9014 and 9020.

### Background Facts

4. On February 6, 2020, Debtors filed Chapter 7 bankruptcy (the "Petition Date").

5. Behrooz P. Vida was appointed Chapter 7 Trustee ("Trustee").

6. The Section 341 meeting of creditors was held on 5/19/2020 and continued to 6/16/2020.

7. The second meeting of creditors was held on 6/16/2020 and continued to 7/14/2020.

8. The third meeting of creditors was held on 7/14/2020 and continued to 8/11/2020.

9. The fourth meeting of creditors was held on 8/11/2020 and concluded.

10. On August 15, 2020, Trustee's Notice of Assets was filed.

11. On August 27, 2020, Trustee's objection to Debtors' claim of exemptions was filed [ECF No. 27].

12. On September 17, 2020, Debtors opposed the objection to their exemptions [ECF No. 28].

13. On November 2, 2011, an Agreed Order was entered as to Trustee's objection to Debtors' claim of exemptions [ECF No. 32].

14. Trustee and Debtors agreed that Debtors' non-exempt assets totaled $15,674.23 (the "<u>Non-Exempt Assets</u>").  The Non-Exempt Assets consisted of the following assets:

   a. Acct# 0000 - Savings - $1,094.95

   b. Acct# 0011 - Checking - $11,690.91

   c. Acct# 0035 - Money Market - 6.87

   d. Jewelry - $2,881.50

15. Despite a demand by Trustee, Debtors have refused to fully turnover the property of the estate to Trustee.

16. On January 18, 2021, Trustee's filed a Motion to Compel Turnover of Non-Exempt Assets [ECF No. 32].

17. On February 12, 2021, an Agreed Order was entered on Trustee's Motion to Compel Turnover of Non-Exempt Assets [ECF No. 34]. Debtors were ordered to pay to Trustee the sum of $15,674.23 as follows: (a) $1,500.00 on or before February 15, 2021, (b) $500.00 on or before March 15, 2021 (c) $500.00 on or before April 15, 2021, and eleven monthly payments of $1,152.20 starting on May 15, 2021.

18. On February 15, 2022, Trustee advised Debtors' Bankruptcy Counsel that Debtors had not complied with the Court's Order and that Debtors had not made a payment since December 27, 2021. Trustee made demand for Debtors to come current within 10 days. Furthermore, Trustee advised Debtor's Counsel that that if Debtor continued to ignore the Court's Order that Trustee would file a motion for sanctions for failure to comply and seek attorney's fees.

19. On or about March 8, 2022, Trustee determined that of the $15,674.23 that was ordered to be paid, Debtors had paid, to date, $10,500.00. Debtors owe a balance of $5,174.23.

20. On March 8, 2022, Trustee advised Debtors' Bankruptcy Counsel that Debtors had not complied with the Court's Order and that Debtors had not made a payment since December 27, 2021. Trustee advised Debtor's Bankruptcy Counsel that the balance owed to Trustee is $5,174.23.

21. To date, Debtors have not complied with the Court's Order on Trustee's Motion to Compel Payments on Non-Exempt Assets.

22. To date, Trustee has not received any funds towards the Non-Exempt Assets in the amount of $5,174.23.

## Arguments & Authorities

23. Debtors have willfully disobeyed this Court's Order.

24. Debtors are not complying with mandates of 11 U.S.C. § 521.

25. Trustee moves the Court to hold Debtors in civil contempt and sanction them for forcing Trustee to incur unnecessary legal fees in performing his duties.

26. Even though Debtors have received the benefits of a discharge in bankruptcy, they are refusing to turnover over the property of the estate to Trustee.

27. Debtors' actions have necessitated the filing of this motion and Trustee requests that Debtors pay Trustee the additional sum of $650.00 for having drafted and filed this Motion. Also, Trustee seeks fees for prosecuting this Motion with the amount to be determined at the time of the hearing on this Motion.

28. A contempt order is a "potent weapon," *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 19 L. Ed. 2d 236 (1967).

29. The elements of civil contempt are "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009). "The power to punish for contempt is an inherent power of the federal courts and . . . it includes the power to punish violations of their own orders." *Id.* "Contempt is committed only if a person violates a court order requiring in specific and definite language that a person do or refrain from doing an act." *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

30. If the Court finds a violation of its orders, it can issue a civil contempt sanction. "The district court has broad discretion in the assessment of damages in a civil

contempt proceeding." *Am. Airlines, Inc.,* 228 F.3d at 585 (internal quotation marks and citations omitted). The Court takes into account (1) "the character and magnitude of the harm threatened by the continued contumacy," (2) "the probable effectiveness of [the] suggested sanction in bringing about the result desired," and (3) "the amount of [the party in contempt's] financial resources and the consequent seriousness of the burden to that particular defendant." *See United Mine Workers of Am.,* 330 U.S. at 303-04, 67 S. Ct. 677, 67 S. Ct. 677, 91 L. Ed. 884.

31. Civil contempt is "considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of America v. Bagwell (Bagwell),* 512 U.S. 821, 827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994).

32. Despite ample notice time of more than 90 days, Debtors have not taken any action to comply with this Court's Order.

33. Finally, § 105(a) provides a separate and additional basis on which the Court may rest its decision to sanction and order turnover of funds and attorneys' fees. Section 105 empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This provision encompasses the power to enter injunctions. *See In re EZ Pay Servs., Inc.*, 389 B.R. 751, 756 (Bankr. M.D. Fla. 2007); *In re Casner,* 302 B.R. 695, 704 (Bankr. E.D. Cal. 2003). As the Fifth Circuit has made clear, § 105 is not "a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Rather, the court's equitable powers under § 105 must be exercised "in a

manner consistent with the provisions of the Bankruptcy Code." *Id.* Here, Trustee contends it would appropriate to enter an order giving effect to section § 542(b) and enabling Trustee to carry out his duties under the Code to collect and manage property of the estate for eventual distribution to creditors—thereby fulfilling one of the major goals of the bankruptcy system. *In re T-H New Orleans Ltd. P'ship*, 188 B.R. 799, 807 (E.D. La. 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997) ("The laws and jurisprudence of bankruptcy note often that there are two competing goals of bankruptcy and reorganization. One is the satisfaction of valid claims against the estate. The other is to allow the debtor a 'fresh start' in the market place.") (emphasis added).

WHEREFORE, Trustee prays for an order of this Court:

(a) Holding Debtors in contempt and imposing daily sanctions against them until such time that they have fully complied with this Court's Order;

(b) Awarding sanctions against Debtors in the form of recovery of attorneys' fees for the benefit of Trustee and bankruptcy estate; and

(c) Granting Trustee such other and further relief as may be deemed just.

Respectfully submitted:

By: /s/ Behrooz P. Vida    March 29, 2022
Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished on the parties as indicated below.

| | |
|---|---|
| MICHAEL PAUL<br>MP WRIGHT LAW GROUP, PLLC<br>3090 OLIVE ST. FLOOR 3<br>DALLAS, TX 75219 | Via ECF |
| ANTHONY NOEL KING<br>ALEETA LYNN KING<br>9932 TANTARRA DR<br>BURLESON, TX 76028 | Via US Mail |
| Parties having filed NOA | Via ECF |

                                                /s/ Behrooz P. Vida     March 29, 2022
                                                Behrooz P. Vida